IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANCISCO MORALES,  No. M36247, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 13-cv-01046-MJR |
| | ) |
| RANDY DAVIS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Francisco Morales, an inmate in Vienna Correctional Center ("Vienna"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, related to the conditions of his confinement.

The complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Analysis

Plaintiff Morales takes issue with the conditions of his confinement at Vienna, where he has been housed since May 21, 2013. According to the complaint, Building 19, where Morales is housed, is extremely overcrowded; Plaintiff is being exposed to asbestos-covered pipes and mold; there are too few toilets and showers; and the ventilation is inadequate. In addition, the dietary building and food preparation are unsanitary, contaminated with mold, rodent droppings, bugs and hair; and food workers do not wear appropriate hair nets and aprons. These issues, alone and in combination, are actionable Eighth Amendment claims. *See Vance v. Rumsfeld*, 701 F.3d 193, 205-06 (7th Cir. 2012) (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (holding that conditions of confinement may establish an Eighth Amendment violation in combination, even if each would not suffice alone; this would occur when they have "a mutually

enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise")).  With that said, the complaint is still flawed in certain respects.

The conditions of confinement at Vienna are described in the complaint as placing Plaintiff in "imminent danger," but they are also attributed to "negligence" and "gross negligence."  Negligence and gross negligence are never actionable under Section 1983.  *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).  Therefore, those claims must be dismissed with prejudice, leaving only the Eighth Amendment claims.

Warden Randy Davis is the sole defendant.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  According to the complaint, Warden Davis has "acknowledged" that Plaintiff is housed in Building 19 and the conditions of confinement.  Although this is an extremely weak allegation, reading the complaint as a whole, the Court will allow this individual capacity claim to proceed.  In addition, the warden of the facility, in his official capacity, is the proper defendant to answer for claims regarding the conditions of confinement and to carry out any injunctive relief granted.  *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001).  Therefore, the Eighth Amendment claims against Davis in his individual and official capacities survive preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the negligence and gross negligence claims in the complaint are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Eighth Amendment claims against **WARDEN RANDY DAVIS** in his individual and official capacities shall proceed.

The Clerk of Court shall prepare for Defendant **WARDEN RANDY DAVIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant **DAVIS** is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States

Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: October 30, 2013**

    s/ *Michael J. Reagan*
    **MICHAEL J. REAGAN**
    **UNITED STATES DISTRICT JUDGE**